UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.L., a minor, by and through his Next Friend and mother Rachel Kozma, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:20-cv-1165-SEP |
| CITY OF ST. ANN, et al., ) ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

Before the Court is Plaintiff's unopposed Motion for Approval of Minor Settlement. Doc. [26]. For the reasons set forth below, the Motion is granted.

**FACTS AND BACKGROUND**

The facts alleged by Plaintiff are as follows: T.L. is a student at Hoech Middle School in Ritenour School District. Doc. [1] ¶ 1. The school placed T.L. on a "plan," which permitted him to go to the principal's office during school hours if he became upset. *Id.* ¶ 9. On December 6, 2017, T.L. went to the principal's office after he became upset at the actions of one of his classmates. *Id.* ¶ 11. T.L. eventually attempted to leave the school grounds, despite the principal's efforts to calm him. *Id.* ¶ 13. Defendant Antonio Payton, the school resource officer, was called to return T.L. to the school building. *Id.* ¶¶ 13-14. While escorting T.L. back to the building, Defendant Payton held T.L.'s wrists and arms behind his back. *Id.* ¶ 15. The force of Defendant Payton's grip broke T.L.'s left wrist. *Id.* ¶ 16.

On August 27, 2020, Plaintiff Rachel Kozma, T.L.'s mother and Next Friend, brought this action against Defendants Payton and the City of St. Ann. *See* Doc. [1]. Plaintiff alleges four counts against Defendant Payton: battery and assault, excessive force, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 3-7. She also alleges violations of 42 U.S.C. § 1983 against Defendant City for failing to instruct, train, supervise, control and/or discipline Defendant Payton. *Id.* at 8.

The parties settled this action on September 13, 2021.  Doc. [23].  On December 7, 2021, Plaintiff filed this Motion for the Court's approval of the settlement involving a minor, and on January 7, 2022, the Court held a hearing on the Motion.

### LEGAL STANDARD

"Federal law looks to state law for the standard governing the approval of a minor settlement."  *Elmore v. Mansfield*, 2013 WL 2666167, at *1 (W.D. Mo. June 12, 2013) (citing *M.E. v. United States*, 2006 WL 1556794, at *1 (E.D. Mo. June 1, 2006)) (using state law to determine whether the district court should approve a proposed minor settlement).  In Missouri, Mo. Rev. Stat. § 507.184 contains the requirements for settlement of a minor's claims.  *Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 787 (Mo. Ct. App. 1994).  The statute intends "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child."  *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.3d 767, 774 (Mo. Ct. App. 1999).  In reviewing a proposed settlement, a court must keep in mind that minors are considered wards of the court and their rights must be "jealously guarded as provided by statute."  *Y.W.*, 876 S.W.2d at 788.

"A lawsuit by a person who is not yet eighteen-years-old may be settled only by a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem."  *Elmore*, 2013 WL 2666167, at *1 (citing Mo. Rev. Stat. §§ 507.110, 507.115).  "The settlement is not effective until approved by the Court."  *Hartman v. New Madrid Cty. R-1 Sch. Dist.*, 2021 296830, at *2 (E.D. Mo. Jan. 28, 2021) (citing Mo. Rev. Stat. § 507.184(2)).  The minor's representative also has "the power and authority to execute and sign a release or satisfaction and discharge of a judgment," which is binding on the minor so long as the Court orders its execution.  Mo. Rev. Stat. § 507.184(2).  The Court has the power "to hear evidence on and either approve or disapprove" a proposed settlement; to "authorize and order" the minor's representative "to execute and sign a release or satisfaction and discharge of judgment"; and to "approve a fee contract" between the representative and an attorney to pay attorneys' fees and expenses "reasonably incurred in connection with the preparation and prosecution of the action or claim . . . ."  Mo. Rev. Stat. § 507.184(3).

**DISCUSSION**

The Court has reviewed testimony from the minor's Next Friend and mother, Ms. Kozma, Doc. [26-2], and the terms of the proposed Settlement Agreement and Release, Docs. [26-1], [27].

Based on the evidence submitted and the testimony presented at the hearing on January 7, 2022, the Court finds that Plaintiff Kozma has the authority to execute the Settlement Agreement and Release on behalf of minor T.L., and that the terms and conditions of the settlement are reasonable and in the best interests of T.L. Plaintiff's counsel explained the terms of the settlement to Ms. Kozma, including that she will be barred from asserting claims related to the same underlying events against Defendants in the future, and that the settlement will forever dismiss her case. Doc. [26-2] ¶¶ 10, 11. Additionally, in her affidavit and throughout her testimony at the hearing, Ms. Kozma expressed her opinion that the agreement was reasonable and fair to her son. *Id.* ¶ 7.

The Court also finds that the requested attorneys' fees of $29,000 and legal expenses of $1,813.55 are reasonable under the circumstances. The fee is consistent with the rates provided in the contingency fee agreement Plaintiff and her counsel entered into at the outset of this matter, and Ms. Kozma testified that her counsel spent considerable time on her case and that she was satisfied with her representation throughout the matter. Doc. [26] ¶ 12.

**CONCLUSION**

For the foregoing reasons, the Court finds that the proposed Settlement Agreement is fair, reasonable, and in the best interest of T.L. Therefore, the Court approves the parties' Settlement Agreement and Release in its entirety. Defendants will direct the amounts of the settlement proceeds as follows: (1) Check payable to The Rawlings Co. in the amount of $1,571.15; (2) Check payable to "Pleban & Petruska Law, LLC" in the amount of $30,813.55; (3) Check payable to Rachel Kozma, as Next Friend of T.L., in the amount of $9,999.00; and (4) Check payable to Pacific Life & Annuity Services, Inc. in the amount of $30,116.30 in order to fund a structured settlement for the benefit of T.L. Pursuant to the addendum provided by the parties as Exhibit A to Doc. [26-1], the structured settlement will be made by way of a qualified assignment according to Section 130 of the Tax Code. The Humane Society of Missouri shall be named the beneficiary of the structured settlement annuity for the benefit of T.L., until he reaches the age of majority, at which time he may name his own beneficiary or beneficiaries.

The settlement will make periodic payments of $1,500 to T.L. beginning on February 16, 2023, and will be payable for four (4) years. On February 16, 2028, T.L. will receive a lump sum of the remainder of the structured settlement amount of $26,383.49.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Approval of Minor Settlement (Doc. [26]) is **GRANTED**, and the Court hereby approves as fair and reasonable, and in the best interest of the minor, the Release Agreement, attached to the Motion as Exhibit 1 (Doc. [26-1] at 1-6), and the Structured Settlement Addendum, attached to the Motion as Exhibit A (Doc. [26-1] at 7-8).

**IT IS FURTHER ORDERED** that the parties shall execute the Release Agreement, attached to the Motion as Exhibit 1 (Doc. [26-1] at 1-6).

**IT IS FURTHER ORDERED** that Defendants must tender the full settlement amounts and attorneys' fees in accordance with the Release Agreement, attached to the Motion as Exhibit 1 (Doc. [26-1] at 1-6), and the Structured Settlement Addendum, attached to the Motion as Exhibit A (Doc. [26-1] at 7-8).

**IT IS FINALLY ORDERED** that, pursuant to the Agreement, Plaintiff must file a Satisfaction of Judgment and Dismissal with Prejudice of all claims in this matter within seven (7) business days of receipt of the release consideration. Doc. [26-1] ¶ 2.

Dated this 12th day of January, 2022.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the parties' agreement, Doc. [27], the future payments owed to T.L. by way of the structured settlement are guaranteed based upon a projected annuity purchase date of January 1, 2022. Because any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts, the parties have stipulated that any such change shall be recorded in the Settlement Agreement and Release, qualified assignment document, and annuity contract without the need of obtaining an amended court order up to sixty (60) days after the original purchase date. *Id.* at ¶ 8.

4